IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
SPRINGFIELD DIVISION

04-30100-KPN

| | |
|---|---|
| Hill Design, Inc., <br>     Plaintiff, <br> v. <br> Roylco Inc., <br>     Defendant. | Civil Action No. <br><br> **JURY TRIAL REQUESTED** <br><br> **INJUNCTIVE RELIEF SOUGHT** |

## COMPLAINT

**NOW COMES** plaintiff, Hill Design, Inc. ( "Hill Design"), by its undersigned Secretary and shareholder, admitted in Massachusetts, and alleges as follows, upon actual knowledge with respect to itself and its own acts, and upon information and belief as to all other matters:

### NATURE OF THE ACTION

1. This is an action for trademark infringement, trademark dilution, unfair competition, and cyberpiracy, all under federal, state, or common law. Defendant Roylco Inc. has adopted and is using trademarks that are essentially identical to Hill Design's famous and venerable family of **BROWN BAG** trademarks for essentially the same goods, namely craft goods. Defendant has also registered the distinctive portion of Hill Design's family of marks – **BROWN BAG** with the generic term CRAFTS in the domain name www.BROWNBAGCRAFTS.com, where defendant operates a web site advertising its goods. Finally, Defendant has applied to the U.S. Trademark Office ("PTO") to register **BROWN BAG** with the generic CRAFTS and with and without a generic design element. Defendant's uses of Hill Design's **BROWN BAG** mark with a generic term and design are likely to cause confusion,

mistake, or deception of the public as to the source, sponsorship, or approval of Hill Design's and defendant's goods and web sites.

## THE PARTIES

2. Plaintiff Hill Design is a New Hampshire domestic corporation with principal place of business at 50 Route 3A, Hill, New Hampshire, 03243.

3. Defendant Roylco Inc. is a New York corporation with principal place of business at 3251 Abbeville Highway, Anderson, South Carolina, 29624.

## JURISDICTION AND VENUE

4. The court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. Sections 1114, 1116, 1117, 1119, 1121, 1125(a), and 1125(d)(1)(A) and 28 U.S.C. Sections 1331, 1332, 1338(a), 1338(b), and 1367. The dispute involves an amount in controversy in excess of $75,000.

5. Hill Design offers its goods nationwide and internationally. In Massachusetts, Hill Design sells its products to retailers, including: Cape Cod Cotton Cast in Yarmouthport, Crickets Corner in Middleboro, and the Old Country Store and Emporium in Mansfield.

6. Hill Design's claims arise in part in this District as well as in various other states and territories where defendant offers its goods with marks that infringe Hill Design's registered and unregistered marks.

7. Defendant distributes its goods in Massachusetts through a Massachusetts distributor, namely, J.L. Hammett Co. located in Braintree. Defendant holds J.L. Hammett Co. out as a Massachusetts distributor of defendant.

8. Defendant also distributes its goods through an interactive web site, namely www.ZOOSCAPE.com, where Massachusetts residents are able to purchase defendant's goods.

2

Indeed, Hill Design has evidence of infringement from a Massachusetts resident, who purchased defendant's infringing goods via that site.

## PRIOR PROCEEDINGS

9. On November 17, 2003, after several attempts to contact defendant, Hill Design was forced to file a Notice of Opposition at the U.S. Trademark Trial and Appeal Board against two applications filed by defendant for its infringing marks. On February 3, 2004, Hill Design filed a Motion to Suspend for Settlement Discussions assented to by defendant.

10. On May 4, 2004, in extreme bad faith, defendant sand-bagged Hill Design by filing an impermissible anticipatory action in the U.S. District Court for the District of South Carolina, Anderson Division, seeking, inter alia, a declaration of no likelihood of confusion. Hill Design will move forthwith to transfer the South Carolina action to this Court.

## HILL DESIGN'S VENERABLE TRADEMARK RIGHTS

11. Hill Design is a leading designer and distributor of ceramic products offered in the crafts market, and has been in business for over twenty years with nation- and world-wide sales. Since 1983, Hill Design has used and federally registered several **BROWN BAG** trademarks for its craft goods, thereby establishing a strong and famous family of marks. Under the **BROWN BAG** family, Hill Design has offered over 250 different designs of ceramic molds and pans for cookie making and crafts, including paper-art, wax-art, papermaking, and making beeswax candles, candy. Hill Design has distributed millions of such **BROWN BAG** molds. A large secondary market of **BROWN BAG** molds exists on the eBay web site. Hill Design has also authored several "how-to" books and booklets that it distributes with its craft goods and separately.

12. Hill Design has used the following **BROWN BAG** marks (some federally registered or subject of pending federal applications) to offer its craft molds and books:

| Mark | Registration / Serial No. | Goods |
|---|---|---|
| **BROWN BAG** | Reg. No. 2,831,893; registered on 4/13/2004 | ceramic cookie molds |
| **BROWN BAG** | Ser. No.; 78/423,157 filed on May 21, 2004; use since 1983 alleged | ceramic molds used in craft making, namely, paper, wax and candy art, paper making, and candle making |
| **BROWN BAG COOKIE ART (and design)** ("cookie art" disclaimed) | Reg. No. 1,366,725; registered on 10/22/85 | cookie molds |
| **BROWN BAG COOKIE ART** | Ser. No. 78/212,170; Previous Reg. No. 1,904,477 (with "cookie art" disclaimed) | inter alia, recipe and instruction books, ceramic craft and cooking molds |
| **BROWN BAG PAPER ART** | Previous Reg. No. 1,955,388 (with "paper art" disclaimed) | ceramic cookie molds |

13. Hill Design has expended substantial effort and money since 1983 to promote its **BROWN BAG** marks. Hill Design has expended at least $23,000,000 in promotion and advertising of **BROWN BAG** marks and marked goods, and it has enjoyed over $40,000,000 in sales of such marked items.

4

14. Hill Design has widely advertised its **BROWN BAG** marks and goods in periodicals, consumer and wholesale brochures, and catalogs with printings running into the millions. **BROWN BAG** marked goods have also enjoyed unsolicited, unpaid, and often repeated reviews and references in periodicals and newspapers over the years, including: "Country Living Magazine," "Family Circle," "Woman's Day," the "Boston Globe," "Gift and Stationery Business," "Gift and Decorative Accessories," "International Cookie Cookbook" (back cover shot), Williams Sonoma catalog (front cover), "Bon Apetit," and "Chocolatier." Hill Design has also run paid advertising of its **BROWN BAG** marked products numerous times in trade magazines in ads ranging from 1/8 size to double page spreads. Hill Design also uses its marks and promotes its goods on the internet.

15. Hill Design's **BROWN BAG** molds and goods have been displayed in numerous arts and crafts shows over the years, including: the "Gourmet Products" shows from 1984 to 2000; in its own, dedicated showroom at the Atlanta Gift Mart from 1997 to 1999; ten years (non-consecutive) at the League of New Hampshire Craftsmen's Fair; several export shows in the United Kingdom, Germany, and Japan; and in numerous regional gift shows throughout the U.S.

16. As a result of the substantial and continuous use, promotion, advertising, and media and public exposure of Hill Design's **BROWN BAG** marks in connection with its craft molds and booklets, consumers have come to recognize the **BROWN BAG** marks as identifying high-quality goods emanating exclusively from Hill Design. Accordingly, Hill Design has established a strong family of **BROWN BAG** marks, and the marks have become famous for its goods, as that term is used in U.S. trademark dilution law.

## DEFENDANT'S WRONGFUL ACTS

17. At least as early as February, 2002, defendant began using **BROWN BAG CRAFTS (with and without design)** as trademarks for the same goods that Hill Design offers – craft goods. Defendant's marks copy exactly the initial wording of Hill Design's family of famous marks – the arbitrary terms **BROWN BAG.** Defendant has positioned this wording as the leading element of its marks. The terms **BROWN BAG** are the *only* distinctive, source-indicating elements. Defendant has disclaimed exclusive rights to CRAFTS (the generic term for the parties' goods) in its PTO applications, and the design element appears to consist solely in presenting a few letters in color. Thus, in appearance, sound, and meaning, the marks are essentially identical.

18. Defendant uses the **BROWN BAG CRAFTS** marks in Massachusetts to sell various craft kits, including paper-art kits.[1] However, since well before defendant, Hill Design has used its **BROWN BAG** family of marks for craft goods both in the Commonwealth and nationwide. Hill Design offers ceramic molds used by crafts people in their pursuits. It is quite ordinary and commonplace in the craft world to use cookie molds and stamps in paper-art and papermaking, as well as in wax-art and candle making. Moreover, also for years prior to defendant, Hill Design has distributed "how to" instruction guides for these craft activities both with its molds and separately. Thus, through its substantial and continuous prior use, Hill Design has clear seniority of rights relative to defendant for craft goods.

---

[1] Defendant's PTO applications recite the following identification of goods for both: "hobby craft set containing children's educational and creative products, namely, **gummed paper, paper name tags, stickers, craft paper,** yarn, **pre-cut paper shapes,** finger paints, pre-cut decorative shapes, felt cut-outs, pipe cleaners, feathers, foam craft shapes, bead buddies, pom poms, glue, **and activity guides**." (Emphasis added.)

19. Defendant's uses its marks for craft goods, just as does Hill Design. Defendant's goods are closely related to those of Hill Design, and they are used in the same activities and even in connection with each other. Relevant purchasers of these goods are also the same, and the goods are offered in the same outlets – craft stores. Use and registration of defendant's marks would, therefore, create a great likelihood of consumer confusion and harm.

20. Indeed, on or about December 17, 2003, Ms. Julie Ann Roberts, a nurse and mother residing in Quincy, ordered in Massachusetts three of defendant's paper-art craft kits from the web site www.ZOOSCAPE.com. These kits were shipped to Ms. Roberts at her home in Quincy via U.S. Mail – Priority Service, where Ms. Roberts received them. The kits are titled: "Animal Puppets Origami Kit," "Sealife Collage Puzzles Kit," and "Safari Collage Puzzles Kit." Each kit is prominently marked with the **BROWN BAG CRAFTS** marks on its packaging.

21. The distribution of these three paper-art kits to Ms. Roberts in Massachusetts constitutes trademark infringement, dilution, and unfair competition. Considering the significant fame of Hill Design's **BROWN BAG** family of marks for craft and paper-art activities, its registered **BROWN BAG** mark dating back to 1985, and its significant internet presence, defendant should have used a very different mark for its distribution of closely related goods in Massachusetts and nationally. (Hill Design's **BROWN BAG PAPER ART** mark was registered when Defendant filed its PTO applications for, inter alia, paper craft sets. Even a cursory review of the Principal Trademark Register would have revealed Hill Design's marks, not to mention a simple web search.) Defendant's actions are highly suspicious and suggestive of willful, predatory infringement.

22. Hill Design believes defendant is continuing to infringe its trademarks in Massachusetts and nationally. Hill Design has no adequate remedy at law.

## FIRST CLAIM FOR RELIEF:
## TRADEMARK INFRINGEMENT UNDER SECTION 32(1)
## OF THE LANHAM ACT, 15 U.S.C. § 1114(1)

23. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 22 above.

24. Defendants aforesaid acts constitute infringement of Hill Design's federally registered **BROWN BAG** and **BROWN BAG COOKIE ART (and design)** trademarks in violation of Section 32(1) of the Trademark Act of 1946, as amended, 15 U.S.C. § 1114(1), entitling plaintiff to relief from this Court.

## SECOND CLAIM FOR RELIEF:
## TRADEMARK INFRINGEMENT UNDER SECTION 43(a)
## OF THE LANHAM ACT, 15 U.S.C. § 1125(a)

25. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 24 above.

26. Defendants aforesaid acts constitute infringement of Hill Design's common law (in one case, now registered) **BROWN BAG** family of trademarks in violation of Section 43(a) of the Trademark Act of 1946, as amended, 15 U.S.C. § 1125(a), entitling plaintiff to relief from this Court.

## THIRD CLAIM FOR RELIEF:
## TRADEMARK DILUTION UNDER SECTION 43(c)
## OF THE LANHAM ACT, 15 U.S.C. § 1125(c)

27. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 26 above.

28. Based on the inherent distinctiveness of Hill Design's **BROWN BAG** family of marks; Hill Design's duration and extent of use of the family; the duration and extent of media coverage and advertising of the marks; the nature of the trade channels Hill Design uses to market its goods under its family of marks compared to those used by defendant; the degree of public recognition of the family; and federal registration by Hill Design; Hill Design's family of

**BROWN BAG** marks have become famous as that term is used in Section 43(c) of the Lanham Act.

29. The aforesaid acts of defendant, all occurring long after the **BROWN BAG** family of marks became famous, are diluting the distinctiveness of, or are likely to cause dilution of Hill Design's famous family of marks, and thus constitute dilution in violation of Section 43(c) of the Trademark Act of 1946, as amended, 15 U.S.C. Section 1125(c), entitling plaintiff to relief from this Court.

### FOURTH CLAIM FOR RELIEF: FEDERAL CYBERPIRACY UNDER SECTION 43(d)(1)(A) OF THE LANHAM ACT, 15 U.S.C. § 1125(d)(1)(A)

30. Plaintiff re-alleges and incorporate by reference paragraphs 1 through 29 above.

31. Defendants' acts of registering and maintaining registration of an internet domain name in bad faith that contains Hill Design's famous **BROWN BAG** trademarks, namely, <www. BROWNBAGCRAFTS.com>, constitutes cyberpiracy in violation of Section 43(d)(1)(A) of the Trademark Act of 1946, as amended, 15 U.S.C. § 1125(d)(1)(A), entitling plaintiff to relief from this Court.

### FIFTH CLAIM FOR RELIEF: TRADEMARK INFRINGEMENT AND DILUTIONPROHIBITED BY MASSACHUSETTS GENERAL LAW TITLE XV, CHAPTER 93(a)

32. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 31 above.

33. At all times relevant to this action, Massachusetts prohibited trademark infringement and dilution. Defendants aforesaid acts constitute trademark infringement and dilution in violation of Massachusetts General Law 110B et seq. 93(a), entitling plaintiff to relief from this Court.

## SIXTH CLAIM FOR RELIEF:
## UNFAIR PRACTICES PROHIBITED BY
## MASSACHUSETTS GENERAL LAW TITLE XV, CHAPTER 93(a)

34. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 33 above.

35. At all times relevant to this action, Massachusetts prohibited unfair and deceptive acts and practices in trade or commerce.

36. Massachusetts General Law 93(a)(2) provides: "Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful.

37. Defendants aforesaid acts constitute unfair and deceptive acts and practices in violation of Massachusetts General Law 93(a), entitling plaintiff to relief from this Court.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Hill Design, Inc. respectfully requests that this court:

A. Award Hill Design a preliminary and permanent injunction enjoining Roylco Inc., its principals, employees, agents, representatives, distributors, sellers, dealers, and all persons in active concert or participation with any of them, from using any mark containing **BROWN BAG**, including **BROWN BAG CRAFTS (with and without design)**, or any other mark, name, domain name, or designation confusingly similar to Hill Design's **BROWN BAG** family of marks in connection with any craft or cookie related good or service.

B. Award Hill Design a monetary relief including damages sustained by Hill Design in an amount not yet determined, but believed to be in excess of $75,000.

C. Order Roylco Inc. to deactivate its WWW.BROWNBAGCRAFTS.com web site and transfer the BROWNBAGCRAFTS.com domain name registration to Hill Design.

10

  D. Order Roylco Inc. to expressly abandon any applications for trademark registration filed with federal and state authorities for the **BROWN BAG CRAFTS** marks, including those at the U.S. Trademark Office under Serial Nos. 76/299,860 and 76/299,861.

  E. Order Roylco Inc. to withdraw any trade or business name filing for **BROWN BAG CRAFTS** or any trade or business names confusingly similar to Hill Design's family of **BROWN BAG** marks.

  F. Award Hill Design treble damages pursuant to 15 U.S.C. Section 1117.

  G. Award Hill Design its attorneys fees and costs in this action.

  H. Award Hill Design other relief as the court may deem appropriate.

     \*    \*    \*

**HILL DESIGN, INC.**

Dated: May 21, 2004

By: Garfield Goodrum, Jr., Esq.
Title: Secretary
(B.B.O. No. 640666)

Hill Design, Inc.
631 Town Hill Road
Reading, VT 05062
(802) 484-9034
fax: (617) 904-1753
gbgoodrum@earthlink.net

## CERTIFICATE OF SERVICE

I certify that I deposited a true copy of the foregoing Complaint with the U.S. Postal Service, postage pre-paid, addressed to counsel of record for defendant Roylco Inc., namely, Allen F. Creighton, Hunter Freeman, McNair Law Firm, P.A., 1301 Gervais Street, Columbia, SC 29201, on May 21, 2004.

_____
By: Garfield Goodrum



# CERTIFICATE OF REGISTRATION
## PRINCIPAL REGISTER

*The Mark shown in this certificate has been registered in the United States Patent and Trademark Office to the named registrant.*

*The records of the United States Patent and Trademark Office show that an application for registration of the Mark shown in this Certificate was filed in the Office; that the application was examined and determined to be in compliance with the requirements of the law and with the regulations prescribed by the Director of the United States Patent and Trademark Office; and that the Applicant is entitled to registration of the Mark under the Trademark Act of 1946, as Amended.*

*A copy of the Mark and pertinent data from the application are part of this certificate.*

*This registration shall remain in force for TEN (10) years, unless terminated earlier as provided by law, and subject to compliance with the provisions of Section 8 of the Trademark Act of 1946, as Amended.*



*Acting Director of the United States Patent and Trademark Office*

Int. Cl.: 21

Prior U.S. Cls.: 2, 13, 23, 29, 30, 33, 40 and 50

United States Patent and Trademark Office

Reg. No. 2,831,893
Registered Apr. 13, 2004

## TRADEMARK
### PRINCIPAL REGISTER

## BROWN BAG

HILL DESIGN, INC. (NEW HAMPSHIRE CORPORATION)
631 TOWN HILL ROAD
READING, VT 05062

FOR: CERAMIC COOKIE MOLDS, IN CLASS 21 (U.S. CLS. 2, 13, 23, 29, 30, 33, 40 AND 50).

FIRST USE 3-1-1983; IN COMMERCE 3-1-1983.

OWNER OF U.S. REG. NO. 1,366,725.

SER. NO. 78-176,372, FILED 10-21-2002.

TARAH HARDY, EXAMINING ATTORNEY

## Requirements for Maintaining a
## Federal Trademark Registration

### SECTION 8: AFFIDAVIT OF CONTINUED USE

The registration shall remain in force for 10 years, except that the registration shall be canceled for failure to file an Affidavit of Continued Use under Section 8 of the Trademark Act, 15 U.S.C. §1058, upon the expiration of the following time periods:
     i) At the end of 6 years following the date of registration.
     ii) At the end of each successive 10-year period following the date of registration.

*Failure to file a proper Section 8 Affidavit at the appropriate time will result in the cancellation of the registration.*

### SECTION 9: APPLICATION FOR RENEWAL

The registration shall remain in force for 10 years, subject to the provisions of Section 8, except that the registration shall expire for failure to file an Application for Renewal under Section 9 of the Trademark Act, 15 U.S.C. §1059, at the end of each successive 10-year period following the date of registration.

*Failure to file a proper Application for Renewal at the appropriate time will result in the expiration of the registration.*

**No further notice or reminder of these requirements will be sent to the Registrant by the Patent and Trademark Office. It is recommended that the Registrant contact the Patent and Trademark Office approximately one year before the expiration of the time periods shown above to determine the requirements and fees for the filings required to maintain the registration.**

Thank you for your request. Here are the latest results from the **TARR web server.**

This page was generated by the TARR system on 2004-05-21 20:54:03 ET

**Serial Number:** 73483240 Assignment Information

**Registration Number:** 1366725 Assignment Information

Mark



**(words only):** BROWN BAG COOKIE ART

**Standard Character claim:** No

**Current Status:** A Section 8 affidavit has been accepted.

**Date of Status:** 1992-05-13

**Filing Date:** 1984-06-01

**Transformed into a National Application:** No

**Registration Date:** 1985-10-22

**Register:** Principal

**Law Office Assigned:** (NOT AVAILABLE)

If you are the applicant or applicant's attorney and have questions about this file, please contact the Trademark Assistance Center at **TrademarkAssistanceCenter@uspto.gov**

**Current Location:** 940 -Trademark Search Library

**Date In Location:** 2004-04-27

---

**LAST APPLICANT(S)/OWNER(S) OF RECORD**

1. HILL DESIGN INC.

**Address:**
HILL DESIGN INC.
7 EAGLE SQ.
HILL, NH 03301
United States
**Legal Entity Type:** Corporation
**State or Country of Incorporation:** New Hampshire

## GOODS AND/OR SERVICES

COOKIE MOLDS
**International Class:** 021
**First Use Date:** 1983-04-00
**First Use in Commerce Date:** 1983-04-00

**Basis:** 1(a)

## ADDITIONAL INFORMATION

**Disclaimer:** "COOKIE ART"

## MADRID PROTOCOL INFORMATION

(NOT AVAILABLE)

## PROSECUTION HISTORY

2004-05-02 - Section 15 affidavit received

2004-05-02 - TEAS Section 15 Received

2004-03-08 - TEAS Change of Correspondence Received

1992-05-13 - Section 8 (6-year) accepted

1992-05-04 - Response received for Post Registration action

1992-01-15 - Post Registration action mailed - Section 8

1991-08-23 - Section 8 (6-year) filed

1985-10-22 - Registered - Principal Register

1985-08-13 - Published for opposition

1985-07-16 - Notice of publication

1985-05-23 - Approved for Pub - Principal Register (Initial exam)

1985-05-20 - Communication received from applicant

1985-05-20 - Examiner's amendment mailed

1985-04-22 - Communication received from applicant

1985-01-31 - Non-final action mailed

## CONTACT INFORMATION

**Correspondent (Owner)**
ELAINE GREENSTEIN (Attorney of record)

GARFIELD GOODRUM
HILL DESIGN, INC
631 TOWN HILL ROAD
READING VT 05062

**Phone Number:** 802-484-9144
**Fax Number:** 802-484-9144