IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HILL DESIGN, INC., <br><br> Plaintiff <br><br> v. <br><br> ROYLCO, INC., <br><br> Defendant | ) <br> ) Civil Action No. 04-30100-KPN <br> ) <br> ) <br> ) <br> ) <br> ) (Our Docket No. 5267-0001) <br> ) <br> ) |

## DEFENDANT ROYLCO, INC.'S ANSWER TO THE COMPLAINT

NOW COMES Defendant Roylco, Inc. ("Roylco"), who answers and responds to Plaintiff Hill Design, Inc.'s ("Hill Design") Complaint in the paragraphs below, which are numbered to correspond with the paragraphs of the Complaint.

1. Defendant Roylco is without knowledge or information sufficient to form a belief as to the truth of this averment and, accordingly, the averment is denied.

2. Defendant Roylco is without knowledge or information sufficient to form a belief as to the truth of this averment and, accordingly, the averment is denied.

3. Defendant Roylco admits that it is a corporation organized and existing under the laws of New York with a place of business at 3251 Abbeville Highway, Anderson, South Carolina 29624.

1

4. Admitted only to the extent that this court has jurisdiction over actions arising under the Lanham Act, 15 U.S.C. *et seq.* Otherwise denied.

5. Defendant Roylco is without knowledge or information sufficient to form a belief as to the truth of this averment and, accordingly, the averment is denied.

6. Denied.

7. Admitted only to the extent that Hill Design has asserted that Roylco distributes its goods through J.L. Hammett Co. Otherwise denied.

8. Admitted only to the extent that an interactive Web-site, www.zooscape.com, depicts what appear to be Roylco's goods. Otherwise denied.

9. Admitted only to the extent that Hill Design filed a Notice of Opposition at the U.S. Trademark Trial and Appeal Board against two applications filed by Roylco on November 17, 2003. Admitted that, on February 3, 2004, Hill Design filed a Motion to Suspend for Settlement Discussions. Otherwise denied.

10. Admitted only to the extent that on May 4, 2004 Roylco filed an action in the U.S. District Court for the District of South Carolina, Anderson Division, seeking, *inter alia*, a declaration of no likelihood of confusion. Otherwise denied.

11. Defendant Roylco is without knowledge or information sufficient to form a belief as to the truth of this averment and, accordingly, the averment is denied.

12. Defendant Roylco is without knowledge or information sufficient to form a belief as to the truth of this averment and, accordingly, the averment is denied.

13. Defendant Roylco is without knowledge or information sufficient to form a belief as to the truth of this averment and, accordingly, the averment is denied.

14. Defendant Roylco is without knowledge or information sufficient to form a belief as to the truth of this averment and, accordingly, the averment is denied.

15. Defendant Roylco is without knowledge or information sufficient to form a belief as to the truth of this averment and, accordingly, the averment is denied.

16. Defendant Roylco is without knowledge or information sufficient to form a belief as to the truth of this averment and, accordingly, the averment is denied.

17. Denied.

18. Defendant Roylco is without knowledge or information sufficient to form a belief as to the truth of this averment and, accordingly, the averment is denied.

19. Denied.

20. Defendant Roylco is without knowledge or information sufficient to form a belief as to the truth of this averment and, accordingly, the averment is denied.

21. Denied.

22. Denied.

23. Defendant re-alleges and incorporates by reference its answers in paragraphs 1-22 above.

24. Denied.

25. Defendant re-alleges and incorporates by reference its answers in paragraphs 1-24 above.

26. Denied.

27. Defendant re-alleges and incorporates by reference its answers in paragraphs 1-26 above.

28. Denied.

29. Denied.

30. Defendant re-alleges and incorporates by reference its answers in paragraphs 1-29 above.

31. Denied.

32.     Defendant re-alleges and incorporates by reference its answers in paragraphs 1-31 above.

33.     Denied.

34.     Defendant re-alleges and incorporates by reference its answers in paragraphs 1-33 above.

35.     Denied.

36.     Admitted only to the extent that M.G.L. § 93(a)(2) states "Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful. (*sic*). Otherwise denied.

37.     Denied.

## Defendant Roylco's Affirmative Defenses

### First Affirmative Defense

1. Roylco has not infringed and does not infringe any intellectual property rights of Hill Design.

### Second Affirmative Defense

2. Hill Design's conduct establishes that Hill Design has unclean hands that bar Hill Design's claims.

### Third Affirmative Defense

3. Hill Design has failed to mitigate its damages, if any have occurred.

### Fourth Affirmative Defense

4. Hill Design is estopped from asserting that Roylco infringes Hill Design's intellectual property rights under the doctrine of laches.

### Fifth Affirmative Defense

5. Hill Design's Complaint fails to state a claim upon which relief can be granted.

### Sixth Affirmative Defense

6. Hill Design has waived its rights to its marks.

### Seventh Affirmative Defense

7. Hill Design has abandoned its rights to its marks by allowing its registrations to expire and, upon knowledge and belief, by ceasing to make and/or sell products bearing its marks.

### Eighth Affirmative Defense

8. Hill Design has acquiesced to Roylco's use of its marks.

## Defendant Roylco's Counterclaims

For its Counterclaims against Hill Design, Roylco Inc., states as follows:

1. This Court has jurisdiction over these Counterclaims pursuant to Fed. R. Civ. P. 13.

### Count I

### Declaration of No Likelihood of Confusion

2. Roylco repeats and re-alleges the allegation of paragraph 1 of these Counterclaims.

3. There has been no actual confusion and there is no likelihood of confusion in the consuming public between Roylco's marks and Hill Design's marks.

### Count II

### Cancellation of Hill Design's Trademark Registrations

4. Roylco repeats and re-alleges the allegations of paragraphs 1-3 of these Counterclaims.

5. Hill Design committed fraud on the Trademark Office in filing an Opposition before the Trademark Trial and Appeals Board and its trademark registrations should be cancelled as should any registrations that may issue from its pending applications.

## Count III

### Abuse of Process

6. Roylco Inc. repeats and re-alleges the allegations of paragraphs 1 through 5 of these Counterclaims.

7. Hill Design had an improper and ulterior motive in filing its Opposition before the Trademark Trial and Appeals Board which amounts to an abuse of process.

8. Roylco has unnecessarily incurred attorneys' fees and costs due to Hill Design's abuse of process.

## Count IV

### Massachusetts General Laws Chapter 93(a)

9. Roylco repeats and re-alleges the allegations of paragraphs 1-8of these counterclaims.

10. At all times relevant to this action, Massachusetts prohibited unfair and deceptive acts and practices in trade or commerce.

11. Hill Design's above-described acts constitute unfair and deceptive acts and practices in violation of Massachusetts General Law 93(a).

WHEREAS, Roylco prays upon this court for the following:

A. That this Court declare that Roylco's marks do not cause a likelihood of confusion nor infringe any of Hill Design's marks;

B. That this Court declare that Hill Design's actions amount to fraud on the Trademark Office;

C. That this Court issue an order instructing the Trademark Office to cancel Hill Design's trademark registrations and any registrations that may issue from its pending applications;

D. That this Court declare that Hill Design's use of its opposition proceeding is an abuse of process;

E. That this Court declare that Hill Design's actions violate M.G.L. ch. 93(a);

F. That Roylco is entitled to the cost of this action, treble damages and attorneys' fee;

G. That Roylco is entitled to exemplary damages;

H. Roylco demands a trial by jury on all issues so triable; and

I. Any and all other remedies that this Court deems just and proper in equity or law.

Respectfully submitted,

ROYLCO, INC.
Defendant

By _____
J. Kevin Grogan

J. Kevin Grogan
Wm. Tucker Griffith
McCormick, Paulding & Huber, LLP
1350 Main Street, 5th Floor
Springfield, MA 01103-1406
Tel. (413) 736-5401
Fax (413) 733-4543

## CERTIFICATE OF SERVICE

This is to certify that on this 9th day of September 2004 a copy of the foregoing DEFENDANT ROYLCO, INC.'S ANSWER TO THE COMPLAINT, was served by first class mail, postage prepaid on counsel for the Plaintiff, Attorneys Deborah A. Basile and Michael K. Callan, of Doherty, Wallace, Pillsbury & Murphy P.C. at the following address One Monarch Place, Suite 1900, Springfield, MA 01103.

_____
J. Kevin Grogan